UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA IFEYINWA ANI,<br><br>              Plaintiff,<br><br>   v.<br><br>SAMANTHA POWER,<br>Administrator of the United States Agency for International Development,<br><br>              Defendant. | Case No. 23-cv-3554 (JMC) |

## MEMORANDUM OPINION

Plaintiff Victoria Ani filed suit against her former employer, Defendant United States Agency for International Development (USAID), alleging that she was wrongly terminated because of her protected whistleblowing activity as well as her race, age, national origin, and disability. ECF 1.[1] The Agency now moves to dismiss on several grounds, but the Court need only highlight two for purposes of this motion. First, the Agency argues that because Ani received an adverse judgment from the Merit Systems Protection Board (MSPB) on her whistleblowing claims, only the Federal Circuit or other court of appeals can provide further review of those claims. ECF 6 at 20. Second, the Agency argues that all remaining claims are premature because Ani did not adhere to the time limits employees must follow once they choose—as Ani did—to appeal a final agency decision to the Equal Employment Opportunity Commission (EEOC). ECF 6 at 22. The Agency is correct on both fronts, so the Court will **GRANT** the motion to dismiss.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

## I. BACKGROUND

While Plaintiff's complaint contains several factual allegations about her time at USAID, for purposes of this motion the Court need only recount the relevant administrative history, which the Court gleans from the complaint, its exhibits, and public decisions from the MSPB and the EEOC. On October 11, 2020, Ani was hired as an accountant within USAID to serve a two-year probationary period. ECF 1-1 at 76–77. On December 13, 2021, she was terminated. ECF 1-1 at 36. Shortly thereafter, Plaintiff contacted the Agency's Office of Civil Rights, claiming that she was subjected to unlawful discrimination on the bases of race, national origin, age, and disability. *See* ECF 1-1 at 206–07 (describing equal employment opportunity (EEO) claims). Plaintiff also contacted the Office of Special Counsel, to whom she raised additional claims of unlawful reprisal for protected whistleblowing activity. *See* ECF 1-1 at 117–20 (describing whistleblowing claims).

With regard to formal proceedings before administrative judges, Plaintiff first sought redress from the MSPB. On January 6, 2022, Ani appealed her termination to the MSPB, which promptly dismissed her case for lack of jurisdiction because Ani, as a probationary employee, had no statutory right to appeal an adverse action directly to the MSPB. *Ani, Victoria Ifeyinwa v. Agency for Int'l Dev.*, No. DC-315H-22-0162-I-1, 2022 WL 342587 (Feb. 3, 2022) (citing definition of "employee" in 5 U.S.C. § 7511(a)(1)(C)). Later on, Ani went to the MSPB again, this time to appeal the Office of Special Counsel's decision to close her whistleblowing case after finding no agency wrongdoing. ECF 1-1 at 117–20, 177. The MSPB treated Ani's case as an individual right of action (IRA) appeal under the Whistleblower Protection Act and, as such, did not consider any of Ani's EEO claims. ECF 1-1 at 178, 183 & n.2 (citing 5 U.S.C. § 1221(a) and 5 C.F.R. § 1209.2(c)). On July 7, 2023, the MSPB dismissed Ani's IRA appeal because she had

"failed to nonfrivolously allege a reasonable person in her position would believe she made protected whistleblowing disclosures." ECF 1-1 at 178.

In addition to her appeals before the MSPB, Ani also initiated EEO proceedings with the Office of Civil Rights. On January 18, 2022, Ani filed a formal EEO complaint alleging disparate treatment on the bases of race, national origin, age, and disability. ECF 1-1 at 206–07; ECF 6-1 at 1. After the Agency completed its investigation of the complaint and issued its report on May 26, 2022, Ani requested a hearing before the EEOC. ECF 1-1 at 207. On January 30, 2023, the EEOC Administrative Judge dismissed Ani's request without prejudice due to Ani's then-pending proceedings before the MSPB. ECF 6-2 at 1. On July 14, 2023, one week after her IRA appeal was dismissed, Plaintiff emailed the EEOC Administrative Judge, withdrew her hearing request, and requested a final agency decision on her EEO complaint. ECF 1-1 at 219. That same day, the Administrative Judge ordered USAID to issue a final decision. ECF 1-1 at 218. Three days after that, the Agency issued its final decision,[2] in which it concluded that Ani was "not subjected to unlawful employment discrimination" and informed Ani of her right to either "appeal the [decision] to . . . the EEOC" or "file a civil action in an appropriate U.S. District Court," along with the specific deadlines for each path forward. ECF 1-1 at 206, 215–16.

Ani opted to appeal her decision to the EEOC on August 16, 2023, but then filed suit in this Court on November 29, 2023, *see* ECF 1, before the EEOC had ruled on her appeal, *Carol M., Complainant*, EEOC DOC 2023004683, 2023 WL 8714038, at *1 (Dec. 5, 2023). Because Ani

---

[2] Technically, USAID *re*-issued an earlier "final" decision from April 13, 2023. *See* ECF 1-1 at 206. The Agency issued this earlier decision by "mistake[]." ECF 6 at 13. That is, the Agency appears to have misinterpreted the EEOC Administrative Judge's initial dismissal without prejudice as calling for a final agency decision earlier than was in fact required. *See* 29 C.F.R. § 1614.110(b) (compelling final decision "within 60 days of the end of the 30-day period for the complainant to request a hearing . . . where the complainant has not requested [one]"); ECF 6-2 at 1 (order of dismissal allowing Ani to reopen hearing request "within 30 days of the MSPB decision, or within 30 days of this order, *whichever is later*" (emphasis added)); ECF 1-1 at 177 (MSPB decision issued July 7, 2023). While Ani, perhaps understandably, may be somewhat confused by this mistake, *see* ECF 8 at 5, it makes no difference in this case. The controlling "final agency decision" was issued to Ani on July 17, 2023. *See* ECF 1 at 2; ECF 6 at 14.

3

brought her case to a U.S. District Court while her appeal was pending, the EEOC was required to (and did) dismiss her appeal. *Id.* (citing 29 C.F.R. § 1614.409).

On February 8, 2024, the Government filed a motion to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 6. Plaintiff opposes. ECF 8. Having considered the arguments of both Parties, the Court is now prepared to rule on the motion.

## II.   LEGAL STANDARD

When assessing a motion to dismiss under Rule 12(b)(1), "it is to be presumed that a cause lies outside the federal courts' limited jurisdiction." *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). That said, a court is obligated to "scrutinize the plaintiff's allegations more closely" than it would when considering a motion to dismiss pursuant to Rule 12(b)(6). *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).

For a Rule 12(b)(6) motion for failure to state a claim, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once again, the Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). In ruling on a 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d

4

621, 624 (D.C. Cir. 1997). Such a motion may also raise affirmative defenses, including failure to exhaust administrative remedies. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). In particular, and as laid out in both EEOC regulations and Title VII, a plaintiff raising claims of discrimination in federal district court "who fails to [first] comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience." *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985).

### III.    ANALYSIS

The Court concludes that all of Plaintiff's claims must be dismissed. Her claims may be sorted into two categories: (1) whistleblowing claims over which this Court lacks jurisdiction and (2) EEO claims which have not been properly exhausted.

As for Plaintiff's whistleblowing claims, which were dismissed by the MSPB, this Court lacks jurisdiction because "[u]nder no circumstances does the [Whistleblower Protection Act] grant [a] District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). To be sure, once a probationary employee like Ani has had their whistleblower claims rejected by the Office of Special Counsel and then the MSPB (in that order), *see* 5 U.S.C. § 1214(a)(3), the employee is entitled to judicial review of the MSPB's decision, *see* 5 U.S.C. § 1214(c). However, that judicial review is limited to either "the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B). As such, to the extent Ani intends to assert any whistleblower claims, this Court has no authority to hear them.[3]

---

[3] Admittedly, it is somewhat unclear whether Plaintiff actually wants to challenge the MSPB's decision or to assert whistleblower claims in general. *Compare* ECF 1 at 18–20 (listing several "protected disclosures" that allegedly led to "retaliation"), *with* ECF 8 at 1 ("I did not submit th[is] case . . . as an appeal of [the] MSPB decision."). Regardless, the point remains: if Plaintiff does want to bring whistleblower claims, she cannot do so in this Court.

As for Plaintiff's EEO claims, they too must be dismissed. This result is dictated by the timing of (1) the final agency decision for which Plaintiff seeks review, (2) Plaintiff's appeal of that decision to the EEOC, and (3) Plaintiff's filing of this lawsuit. Although not necessary for jurisdictional purposes, complainants who wish to assert discrimination claims against their federal employer must exhaust their administrative remedies before they come to federal court. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). This requires aggrieved employees to adhere to the time limits prescribed by statute and regulation. *Id.* True enough, once an employee receives a final agency decision on their EEO complaint, they may go straight to a U.S. District Court with a civil action. 29 C.F.R. § 1614.407(a). However, if the aggrieved employee chooses to appeal the decision to the EEOC, and more than 90 days has passed since receipt of the final agency action, the employee must wait for the EEOC to render a decision or, in the event of no decision from the EEOC, wait 180 days before filing suit. *Id.* § 1614.407(c)–(e). In other words, before jumping to federal court, the aggrieved employee must give the EEOC a fair chance to resolve the appeal. *See Jones v. Ashcroft*, 321 F. Supp. 2d 1, 10–11 (D.D.C. 2004).

Here, the Agency informed Ani of the mandatory time limits for filing a civil action in federal court, ECF 1-1 at 216, but she did not follow them. The procedural timeline of Plaintiff's case is apparent on the face of the pleadings, undisputed by the Parties, and dispositive for the pending motion: Ani received USAID's final agency decision on July 17, 2023, she filed her EEOC appeal on August 16, 2023, and she filed her complaint in this Court on November 29, 2023. By that date, more than 90 days had passed since the Agency's final decision, and her EEOC appeal was still pending. As such, Ani was required to either wait for a final decision from the EEOC or wait until 180 days had passed with no decision—i.e., until February 12, 2024—before she came to this Court. She did neither, which means she "failed to meet the requisite time

constraints" prescribed by law and, consequently, failed to exhaust her administrative remedies. *See Jones*, 321 F. Supp. 2d at 12. Lest there be any confusion, the Court hopes to make clear that Ani's failure to exhaust is the result of her "filing this suit before [her] administrative appeal had been *pending* [*before the EEOC*] for 180 days," and thus the fact that "180 days have *now* clearly passed" does not render her claims exhausted. *Id.* at 10, 12 (emphasis added). Moreover, while a plaintiff may overcome a failure to exhaust by "proving facts supporting equitable avoidance of the defense," *Bowden*, 106 F.3d at 437, Ani offers none, so her claims will be dismissed.

*   *   *

For the foregoing reasons, Defendant's motion to dismiss, ECF 6, is **GRANTED**, and as a result Plaintiff's complaint and this civil action is **DISMISSED**.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 15, 2024